UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:19-cv-01111-DOC-JC | Date | June 25, 2019 |
|---|---|---|---|

| Title | Mohammad Mohammad v. J. Gastelo, Warden |
|---|---|

| Present: The Honorable | Jacqueline Chooljian, United States Magistrate Judge | |
|---|---|---|
| Kerri Hays | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Petitioner: | Attorneys Present for Respondent: |
|---|---|
| None | None |

**Proceedings:** (IN CHAMBERS)

### ORDER TO SHOW CAUSE WHY PETITION AND ACTION SHOULD NOT BE DISMISSED

On June 14, 2019, petitioner Mohammad Mohammad (#AK-7854), a prisoner in state custody who is proceeding *pro se*, formally filed a Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition") and exhibits ("Petition Ex."). (Docket Nos. 1, 3). Petitioner has not provided any information about the conviction and sentence under which he presently is incarcerated. (Petition at 2). The California Department of Corrections Public Inmate Locator System reports that petitioner is parole eligible in November 2033. See Inmate Information available at https://inmatelocator.ca.gov.

The Petition, construed liberally, appears to challenge petitioner's loss of 30 days of credits due to a prison disciplinary proceeding in which petitioner was found to have promoted a "Security Threat Group" activity. (Petition at 2, 5-6; Petition Ex. G). Petitioner claims: (1) the state court decisions denying his claims were "clearly erroneous" and "contrary to law" because the courts relied on the "some evidence standard" to support the disciplinary findings (Ground One); (2) the California Department of Corrections and Rehabilitation ("CDCR") administrative process for exhausting his claims effectively deny him access to the courts (Ground Two); and (3) the administrative process does not contain sufficient procedural safeguards to prevent the risk of error (Ground Three). (Petition at 5-6; Petition Ex. G at 2 detailing claims)). The Petition is deficient in multiple respects.

First, the Petition is unsigned/unverified. See Rule 2(c)(5) of the Rules Governing Section 2254 Cases in the United States District Courts (petition must be signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner under 28 U.S.C. § 2242). A district court may dismiss an unsigned and unverified petition for writ of habeas corpus. Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990).

///
///

  Second, pursuant to 28 U.S.C. § 2254(a), petitioner may only seek habeas relief if he is contending that he is in custody in violation of the Constitution or laws or treaties of the United States. Here, none of petitioner's claims are framed as federal constitutional claims. To the extent petitioner may be challenging the evidence on which the CDCR relied in finding the disciplinary violation, or the administrative grievance process for reviewing the disciplinary violation, petitioner has not raised a cognizable habeas claim. Petitioner's concerns implicate only state law and do not implicate a federal constitutional right. See Wilson v. Corcoran, 562 U.S. 1, 5 (2010) ("federal habeas corpus relief does not lie for errors of state law") (quoting Estelle v. McGuire, 502 U.S. 62, 67 (1991)). Although it may be possible for petitioner to frame his claims as federal constitutional claims, they are not cognizable as currently framed.

  Third, the Court may not have habeas jurisdiction to consider petitioner's challenge to the prison disciplinary proceedings and administrative appeal process. Petitioner does not indicate what relief he seeks. "'Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under the Civil Rights Act. . . , 42 U.S.C. § 1983. Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus.' An inmate's challenge to the circumstances of his confinement, however, may be brought under § 1983." Hill v. McDonough, 547 U.S. 573, 579 (2006) (quoting Muhammad v. Close, 540 U.S. 749, 750 (2004) (per curiam)); Preiser v. Rodriguez, 411 U.S. 475, 499 (1973) (reaffirming that civil rights action is proper remedy for state prisoner making constitutional challenges to conditions of prison life, but not to the fact or length of his custody).

  "[W]hen a prisoner's claim would not 'necessarily spell speedier release,' that claim does not lie at 'the core of habeas corpus,' and may be brought, if at all, under § 1983." See Skinner v. Switzer, 562 U.S. 521, 535 n.13 (2011) (quoting Wilkinson v. Dotson, 544 U.S. 74, 82, 85-86 (2005)); see also Nettles v. Grounds, 830 F.3d 922, 927-31 (9th Cir. 2016) (en banc) (holding that claims which would result in immediate release if successful fall within core of habeas corpus, whereas claims which would not necessarily affect the length of time to be served if successful fall outside core of habeas corpus and must be brought, if at all, under § 1983; citing Skinner), cert. denied, 137 S. Ct. 645 (2017); Ramirez v. Galaza, 334 F.3d 850, 855, 859 (9th Cir. 2003) ("[H]abeas jurisdiction is absent . . . where a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence."), cert. denied, 541 U.S. 1063 (2004).

  As framed, petitioner's claims do not challenge the fact or duration of petitioner's confinement. To the extent petitioner may be asserting that the record was without some evidence to support the prison disciplinary finding, and that his liberty interest was violated by the resulting lost credits, neither claim would go to the fact or necessarily to the duration of his confinement. The punishment that resulted from petitioner's disciplinary proceeding has no bearing upon the fact of petitioner's confinement. On the current record, it is unclear if any relief would necessarily spell speedier release for petitioner, since petitioner's sentence is unknown. Skinner v. Switzer, 562 U.S. at 535 n.13; Nettles, 830 F.3d at 930-31.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:19-cv-01111-DOC-JC | Date | June 25, 2019 |
|---|---|---|---|
| Title | Mohammad Mohammad v. J. Gastelo, Warden | | |

As noted above, the CDCR has listed petitioner's "parole eligible date" as November 2033. While petitioner's 30-day credit loss *may* affect the earliest date on which petitioner may have an initial parole board hearing, it does not implicate the fact or necessarily the duration of petitioner's confinement because an earlier initial parole hearing does not bear upon a state parole board's determination as to whether an inmate is suitable to be released on parole and will not "necessarily lead to a grant of parole" or "lead to his immediate or earlier release from confinement." Nettles, 830 F.3d at 934-35.[1]

In light of the foregoing, petitioner is ordered by not later than **July 15, 2019**, to show cause why the Petition and this action should not be dismissed based upon the above-referenced deficiencies. Petitioner's filing of a first amended petition for writ of habeas corpus which cures such deficiencies by such date will be a sufficient response to this Order to Show Cause. The Clerk is directed to provide petitioner with the attached blank current Central District habeas petition for petitioner's use in the event he chooses to file a first amended petition.[2] Alternatively, in the event petitioner elects not to proceed with this action, he may expedite matters by signing and returning the attached Notice of Dismissal which the Clerk is also directed to provide to petitioner. However, petitioner is advised that any dismissed claims may later be subject to dismissal as time-barred under 28 U.S.C. § 2244(d)(1).

///
///
///
///
///
///
///

---

[1] Although a district court, after notifying and obtaining informed consent from a prisoner, may construe a habeas petition to plead a civil rights claim if the petition is amenable to conversion on its face, see Nettles, 830 F.3d at 935-36, the Court would be disinclined to do so here. Prisoner civil rights actions are subject to different requirements than federal habeas proceedings. The filing fee for civil rights actions is at least $350 rather than the $5 habeas filing fee. 28 U.S.C. § 1914(a). Further, should petitioner seek to bring a civil rights action in forma pauperis ("IFP") he must file the appropriate documentation to qualify for IFP status and would be financially responsible for paying a $350 filing fee from his prison trust account. 28 U.S.C. § 1915(b)(1). It is not in the interest of judicial economy to convert the Petition into a federal civil rights complaint because the case would, at a minimum, require additional court resources to deal with the problems created by the different filing fees, the absence of information called for by the civil rights complaint form utilized in this district (*e.g.,* whether those sued are sued in an individual or official capacity), and the potential service issues relative to individuals whose conduct is alleged to have deprived petitioner of his constitutional rights.

[2] Any first amended petition should reflect the same case number, be clearly labeled "First Amended Petition," and be filled out completely, without cross-reference to the original Petition.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:19-cv-01111-DOC-JC | Date | June 25, 2019 |
|---|---|---|---|
| Title | Mohammad Mohammad v. J. Gastelo, Warden | | |

**Petitioner is cautioned that the failure timely to respond to this Order to Show Cause or to show cause may result in the dismissal of the Petition and this action based upon the above-referenced deficiencies, petitioner's failure to comply with this Order to Show Cause and/or petitioner's failure to prosecute.**

IT IS SO ORDERED.[3]

Attachments

---

[3] The Court's orders herein constitute non-dispositive rulings on pretrial matters. To the extent a party disagrees with such non-dispositive rulings, such party may file a motion for review by the assigned District Judge within fourteen (14) days. See Local Rule 72-2.1. To the extent a party believes the rulings to be dispositive, rather than non-dispositive, such party has the right to object to this Court's determination that the rulings are non-dispositive within fourteen (14) days. A party will be foreclosed from challenging the rulings herein if such party does not seek review thereof, or object thereto.